UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Tirar Tortorello**

   v.

                                                Case No. 19-cv-250-PB

**Laconia Police Dep't, et al.**        Opinion No. 2020 DNH 077

## MEMORANDUM AND ORDER

This case arises from what plaintiff Tirar Tortorello claims was an unlawful "drug sweep" by the Laconia Police Department ("LPD"). He asserts that police officers illegally searched his apartment during the drug sweep and later issued a defamatory press release falsely stating that a warrant on drug-related charges had issued for his arrest. The bulk of Tortorello's claims are based in state law and are focused on the issuance of the press release and its republication by several news organizations. He does, however, assert a single federal claim against the city seeking to hold it liable for the allegedly unconstitutional search of his apartment.[1]

The city has responded with a motion to dismiss, arguing, among other things, that Tortorello's illegal search claim fails

---

[1] Tortorello also brought a Fourteenth Amendment due process claim against the LPD and Lieutenant Butler (Count I), but he voluntarily dismissed that claim with prejudice. See Pl.'s Notice of Voluntary Dismissal, Doc. No. 51.

to assert a viable claim for relief. Because I am persuaded by the city's argument on this point, I dismiss the municipal liability claim with prejudice and decline to exercise supplemental jurisdiction over Tortorello's remaining state law claims.

## I. BACKGROUND

On March 9, 2016, "the [LPD] conducted a drug warrant sweep" in Laconia, New Hampshire. Am. Compl., Doc. No. 36 at 4 ¶¶ 16, 17 (internal quotation marks omitted) (quoting the press release issued by the LPD on the drug sweep, attached as exhibit A to the amended complaint). According to Tortorello, the LPD raided his apartment while he was on vacation. Doc. No. 36 at 5 ¶ 22. When Tortorello returned, he found "all of his property confiscated (including his dog), and his maid kicked off the premises." Doc. No. 36 at 5 ¶ 22. He asserts that "[t]he [LPD] officers who conducted the raid, upon information and belief, acted without good faith and without reasonable belief that probable cause existed for the search and seizure[,]" thereby violating his Fourth Amendment rights. Doc. No. 36 at 10 ¶ 50.

Following the raid, the LPD issued a press release, drafted by Lieutenant Kevin Butler, listing individuals with outstanding arrest warrants for drug-related offenses whom the LPD did not find during the raid. Doc. No. 36 at 4-5 ¶¶ 17-20. Tortorello's

name erroneously appeared on the list. See Doc. No. 36 at 4 ¶ 17, 5 ¶ 23. The media companies named as defendants then republished the LPD's press release. Doc. No. 36 at 6 ¶ 25. Tortorello alleges that he lost his job and became homeless as a result of the republication or the press release. Doc. No. 36 at 7-8 ¶¶ 30-34.

## II.  STANDARD OF REVIEW

To overcome a motion to dismiss under Rule 12(b)(6), the plaintiff must make sufficient factual allegations to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). This "plausibility standard 'asks for more than a sheer possibility that a defendant has acted unlawfully.'" Gilbert v. City of Chicopee, 915 F.3d 74, 80 (1st Cir. 2019) (quoting Iqbal, 556 U.S. at 678). Although the complaint need not set forth detailed factual allegations, it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. I need not consider, therefore, "statements in the complaint that merely offer legal conclusions couched as facts or are threadbare or conclusory." Air Sunshine, Inc. v. Carl, 663 F.3d 27, 33 (1st Cir. 2011) (internal quotation marks

omitted) (quoting Soto-Torres v. Fraticelli, 654 F.3d 153, 158 (1st Cir. 2011)).

In evaluating the complaint, I excise any conclusory legal statements and credit as true all non-conclusory factual allegations and reasonable inferences drawn from those allegations. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). I "may also consider 'facts subject to judicial notice, implications from documents incorporated into the complaint, and concessions in the complainant's response to the motion to dismiss.'" Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019) (quoting Arturet-Vélez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 13 n.2 (1st Cir. 2005)).

### III. ANALYSIS

Tortorello's sole federal claim is that the city is liable pursuant to 42 U.S.C. § 1983 for the allegedly unconstitutional search of his apartment. The city has responded by arguing that Tortorello has failed to plead a viable § 1983 municipal liability claim. I begin by explaining why the city's argument is correct and then justify my decision to decline to exercise supplemental jurisdiction over Tortorello's remaining claims.

**A.   The Municipal Liability Claim**

Municipalities cannot be held vicariously liable for the unconstitutional acts of their employees. Monell v. Dep't of

Soc. Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Instead, "a municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue." Jordan v. Town of Waldoboro, 943 F.3d 532, 547 (1st Cir. 2019) (alteration omitted) (quoting City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)). The Supreme Court and the First Circuit Court of Appeals have identified several ways in which this requirement can be satisfied. First and foremost, a municipality can be liable if the plaintiff's injuries are caused by an unconstitutional municipal policy. See Haley v. City of Boston, 657 F.3d 39, 51 (1st Cir. 2011). Such a policy either must be facially unconstitutional or direct employees to engage in unconstitutional conduct. See AFL-CIO v. City of Miami, 637 F.3d 1178, 1187 (11th Cir. 2011) (citing Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997)); see also Haley, 657 F.3d 39, 51-52 (1st Cir. 2011) (dictum). Second, an unconstitutional and informal custom may be derived from practices "so permanent and well settled as to constitute a custom or usage with the force of law." Monell, 436 U.S. at 691 (internal quotation marks omitted); see Silva v. Worden, 130 F.3d 26, 31 (1st Cir. 1997). Third, municipal liability may be premised on the unconstitutional act of a decisionmaker who "possesses final authority to establish

5

municipal policy." Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986); accord Rosaura Bldg. Corp. v. Municipality of Mayaguez, 778 F.3d 55, 62 (1st Cir. 2015). Fourth, a final policymaker's ratification of unconstitutional decisions by lower-level employees may constitute official policy attributable to the municipality. City of St. Louis v. Praprotnik, 485 U.S. 112, 127, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988). Fifth and finally, municipal liability may be premised on a failure to properly hire, train, or supervise employees who violate a plaintiff's constitutional rights but only if the municipality was "deliberately indifferent" to the constitutional rights of its citizens. Cf. Connick v. Thompson, 563 U.S. 51, 61, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011) (discussing training); Bd. of Cty. Comm'rs, 520 U.S. at 407 (discussing hiring); Amnesty Am. v. Town of West Hartford, 361 F.3d 113, 127 (2d Cir. 2004) (discussing supervision). When evaluating a municipal liability claim that requires proof of deliberate indifference, the plaintiff must plead more than a "mere insufficiency" of the municipality's actions. Marrero-Rodríguez v. Municipality of San Juan, 677 F.3d 497, 503 (1st Cir. 2012). Instead, "a training program must be quite deficient in order for the deliberate indifference standard to be met: the fact that training is imperfect or not in the precise form a plaintiff would prefer is insufficient to

make such a showing." Id. (alteration omitted) (internal quotation marks omitted) (quoting Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 27 (1st Cir. 2005)).

Tortorello did not come close to pleading a viable municipal liability claim in his complaint. Instead, he appears to have based his claim on the discredited theory that a municipality can be held vicariously liable for the unconstitutional actions of its employees. Although he later made a half-hearted attempt to save his claim by using terms such as "policy," "custom," and "deliberate indifference" in his objection to the city's motion to dismiss, see Pl.'s Obj. to Defs.' City of Laconia, LPD, and Kevin Butler's Mot. to Dismiss & Inc. Mem. of Law, Doc. No. 44 at 4, his attempt would fail even if I were to treat his objection as a constructive amendment of his complaint.

Although Tortorello complains that the city has a policy or custom of conducting broad drug sweeps, he does not contend that the alleged policy or custom is itself unconstitutional. Nor has he alleged that it directs officers to engage in unconstitutional acts. Accordingly, his allegations are insufficient to support a municipal liability claim based on an unconstitutional policy or custom. See AFL-CIO, 637 F.3d at 1187; see also Haley, 657 F.3d at 51–52 (dictum).

7

Tortorello also asserts that the city acted with deliberate indifference to its duty to properly supervise the officers who searched his apartment. Doc. No. 44 at 4, 6. Again, however, he has utterly failed to identify any facts to support this contention. Such conclusory assertions simply cannot sustain a municipal liability claim based on an alleged failure to supervise. See Marrero-Rodríguez, 677 F.3d at 503 (discussing identical standard in the First Circuit for a failure to train claim).

For these reasons, Tortorello has failed to sufficiently plead a municipal liability claim under § 1983. I, therefore, grant in part the city's motion and dismiss Count II with prejudice.

**B.   State Law Claims**

My jurisdiction to consider Tortorello's state law claims rests on 28 U.S.C. § 1367, which gives a federal court supplemental jurisdiction to consider claims that are related to a claim that the court has original jurisdiction to consider. A federal "court may decline to exercise supplemental jurisdiction[,]" however, if it dismisses all of the plaintiff's original jurisdiction claims. González-De-Blasini v. Family Dep't, 377 F.3d 81, 89 (1st Cir. 2004) (internal quotation marks omitted) (quoting 28 U.S.C. § 1367(c)). "As a general principle, the unfavorable disposition of a plaintiff's federal claims at

the early stages of a suit will trigger the dismissal without prejudice of any supplemental state-law claims." Id. (alteration omitted) (internal quotation marks omitted) (quoting Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995)); accord Massó-Torrellas v. Municipality of Toa Alta, 845 F.3d 461, 469 (1st Cir. 2017) (affirming the First Circuit's view of supplemental jurisdiction as articulated in González-De-Blasini and Rodriguez).

Because I am dismissing with prejudice the sole claim over which I have original jurisdiction, I decline to exercise supplemental jurisdiction over Tortorello's remaining state-law claims. See González-De-Blasini, 377 F.3d at 89.

## IV. CONCLUSION

For the foregoing reasons, I grant the City of Laconia's motion to dismiss (Doc. No. 42) as to Count II and deny as moot its motion as to Counts III and IV. I dismiss the state-law tort claims (Counts III-VI) without prejudice to Tortorello's right to assert them in a new complaint filed in state court. All remaining motions (Doc. Nos. 39, 40, 41) are denied as moot.

**SO ORDERED.**

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

May 12, 2020

```
cc:   Robert M. Fojo, Esq.
      Charles P. Bauer, Esq.
      Matthew Vernon Burrows, Esq.
      William L. Chapman, Esq.
      Gregory V. Sullivan, Esq.
```